NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1488
_____

C. A. C., II, an infant, by his Guardian Ad Litem, C.C., father and P.C., mother; C. C.,
Individually; P. C., Individually,
Appellants

v.

UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; LT. COL.
WILLIAM PALIWODA, individually and in his official capacity as Lt. Col. with the
Unites States Air Force; JANE PALIWODA, a fictitious name; JOHN DOE I, a fictitious
name; JOHN DOE II, a fictitious name; JOHN DOE III, a fictitious name; JOHN DOE
IV, a fictitious name; JOHN DOE V, a fictitious name

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. No. 09-06057)
District Judge: Honorable Joel A. Pisano
_____

Argued October 24, 2011
_____

Before: SLOVITER, GREENAWAY, JR., *Circuit Judges*,
and POLLAK[*], *Senior District Judge*.
_____

(Opinion Filed:  November 4, 2011)
_____

Cristina Vasillou Harvey (argued)
Lomurro, Davison, Eastman and Munoz, P.A.
Monmuth Executive Center

_____

[*] Hon. Louis H. Pollak, Senior Judge, United States District Court for the Eastern
District of Pennsylvania, sitting by designation.

1

100 Willow Brook Road, Suite 100
Freehold, New Jersey 07728
     *Counsel for Appellants*

Paul J. Fishman, United States Attorney
Tony West, Assistant Attorney General
Thomas M. Bondy, Attorney, Appellate Staff
Benjamin M. Shultz, Attorney, Appellate Staff (argued)
U.S. Department of Justice, Civil Division
Room 7211
950 Pennsylvania Ave. NW
Washington, D.C. 20530

Allan Urgent, United States Attorney
Office of the United States Attorney
970 Broad Street, Room 700
Newark, NJ  07102

_____

OPINION

_____

GREENAWAY, JR., *Circuit Judge*.

Appellant C.A.C. II ("C.A.C."), a minor, together with his parents C.C. and P.C.,

(collectively, "Appellants"), brought suit against Lieutenant Colonel William J.

Paliwoda, his wife, the United States Air Force ("the Air Force"), and the United States

("the Government") seeking damages based on the claim that Paliwoda had sexually

abused C.A.C.  Their complaint alleges that Paliwoda had previously abused other

children and that the Air Force, knowing about the wrongful conduct, transferred

Paliwoda to New Jersey, where C.A.C. resides.  The United States moved to dismiss for

lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), asserting that sovereign

immunity barred the suit as to the federal government.  The District Court found that the

2

waiver of sovereign immunity contained in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), did not apply here, and therefore granted the Government's motion to dismiss. Appellants timely appealed and now seek our review of the District Court's decision.

Because Appellants failed to raise before the District Court the New Jersey statute upon which this appeal is based, the argument is now waived. We will affirm the order of the District Court.

## I. **BACKGROUND**

Because we write primarily for the benefit of the parties, we recount only the essential facts.

While employed by the Air Force and stationed in Virginia and Arkansas, Paliwoda sexually abused and inappropriately touched children on several occasions, over a period of approximately fifteen years. This inappropriate touching consisted largely of sucking on and biting several boys' toes for sexual gratification and on at least one occasion touching a boy's testicles. Appellants allege that the Government was aware of this behavior, as were individual Government employees John Does 1-5. Despite its knowledge of his inappropriate touching, the Government transferred Paliwoda to McGuire Air Force Base in New Jersey. There, Paliwoda resided off base in a private home in New Egypt, New Jersey. The Air Force did not select or locate this residence for him.

C.A.C. lived across the street from Paliwoda's new home. Appellants allege that on multiple occasions, Paliwoda inappropriately touched C.A.C., leaving C.A.C. with

3

psychological injuries that required medical treatment. At Paliwoda's court martial, C.A.C. testified that Paliwoda had sucked and nibbled on his toes.

Appellants filed their complaint in the District Court, seeking damages from Paliwoda, his wife (fictitiously identified as "Jane Paliwoda"), the Air Force, and the Government. The Government and the Air Force filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1), with two declarations. The first declaration, from Lt. Col. Bradford T. Johnson, detailed Paliwoda's job responsibilities at his McGuire Air Force Base Post. The second, from Lt. Col. Mark D. Pollard, stated that Paliwoda's New Jersey home was a private residence, which the Air Force had not secured for Paliwoda, and that Paliwoda had not been on duty at the time the incident in question occurred.

The District Court granted the motion to dismiss. The Court dismissed the Air Force, finding that the general waiver of sovereign immunity in the FTCA is inapplicable to claims against federal agencies and that the Air Force had not explicitly waived sovereign immunity in any other fashion. Regarding the Government's liability, the District Court first noted that Appellants did not contend that the Government was liable for Paliwoda's conduct and thus considered only the Government's own negligence. It found that the decision to investigate or discipline Paliwoda for his earlier actions was discretionary and therefore excluded from the FTCA's waiver of sovereign immunity by the discretionary function exception, codified at 28 U.S.C § 2680.

Appellants also claimed that the Government had negligently reassigned Paliwoda to a new base. The District Court held that this claim fell within the intentional torts exception to the FTCA because it was inextricably intertwined with Paliwoda's status as

4

an employee of the Government. There was also no duty under New Jersey law that the Government owed Appellants that existed independent of Paliwoda's employment status. As such, there was no subject matter jurisdiction as to the Government.

The District Court subsequently declined to exercise supplemental jurisdiction over the state law claims against Paliwoda and his wife.

## II. **JURISDICTION AND STANDARD OF REVIEW**

If the District Court did have subject matter jurisdiction over this case, an issue that lies at the heart of this appeal, that jurisdiction would have stemmed from the waiver of sovereign immunity contained in the FTCA, 28 U.S.C. §1346(b)(1). We have jurisdiction over an appeal of the District Court's order dismissing a complaint for lack of subject matter jurisdiction under 28 U.S.C. § 1291. *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). We exercise plenary review over such an order. *Id.*

## III. **ANALYSIS**

Appellants must overcome any specter of waiver before consideration of the merits here. Appellants contend that the Government breached a duty to Appellants created by New Jersey statute, N.J. Stat. Ann. 9:6-8.10 ("the Child Abuse Reporting Statute" or "the Statute"). The Statute requires every person with reasonable cause to believe that child abuse has occurred to report the abuse to the Department of Youth and Family Services ("DYFS"). In *Sheridan v. United States*, 487 U.S. 392 (1988), the Supreme Court held that the FTCA waives sovereign immunity where the Government is liable under state law for an assault committed by a Government employee on a basis "entirely independent of [the assailant's] employment status." *Id.* at 401; *see also Matsko*

5

*v. United States*, 372 F.3d 556, 561 & n.10 (3d Cir. 2004). Appellants argue that the District Court had subject matter jurisdiction based on the Government's breach of the duty imposed by the Child Abuse Reporting Statute, which exists independent of the employment relationship between the Government and Paliwoda.

However, Appellants never argued or mentioned the applicability of the Child Abuse Reporting Statute before the District Court.[1] "This court has consistently held that it will not consider issues that are raised for the first time on appeal." *Harris v. City of Philadelphia*, 35 F.3d 840, 845 (3d Cir. 1994). For an issue to be preserved for appeal, "a party 'must unequivocally put its position before the trial court at a point and in a manner that permits the court to consider its merits.'" *In re Ins. Brokerage Antitrust Litigation*, 579 F.3d 241, 262 (3d Cir. 2009) (quoting *Shell Petroleum, Inc. v. United States*, 182 F.3d 212, 218 (3d Cir. 1999)). "A fleeting reference or vague allusion to an issue will not suffice to preserve it for appeal, so 'the crucial question regarding waiver is whether defendants presented the argument with sufficient specificity to alert the district court.'" *Id.* (quoting *Keenan v. City of Phila.*, 983 F.2d 459, 471 (3d Cir. 1992)).

Appellants failed to mention the Statute in their pleadings or briefs below. The complaint does, however, allege that the Government "failed to take any action or otherwise to protect the infant Plaintiff, CAC, II., from the foreseeable injuries caused by Defendant [Lt.] Col. Paliwoda." (App. at 21.) This general mention of a failure to protect in no way presented to the District Court the argument that the Government had

_____

[1] Counsel for Appellants conceded this point at oral argument.

breached its duty under the Statute "'in a manner that permit[ted] the court to consider its merits.'" *Shell Petroleum, Inc.*, 182 F.3d at 218.  Accordingly, Appellants have waived the only argument that they present on appeal.

Appellants urge us to exercise our discretionary power to consider "a pure question of law even if not raised below where refusal to reach the issue would result in a miscarriage of justice or where the issue's resolution is of public importance." *Loretangeli v. Critelli*, 853 F.2d 186, 189-90 n.5 (3d Cir. 1988).  We exercise this discretion "only when manifest injustice would result from a failure to consider novel issues," a category of cases which we have labeled "extraordinary." *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110, 1115 (3d Cir. 1993).  Where litigants will have an opportunity to seek a remedy in another forum, as Appellants here will be free to do in the New Jersey courts, no such extraordinary circumstances are presented.[2] *See id.*

We decline to exercise our discretion to consider Appellants' waived argument.

## IV.  CONCLUSION

For the reasons set forth above, we will affirm the order of the District Court.

---

[2] The waiver rule "applies with added force where the timely raising of the issue would have permitted the parties to develop a factual record." *Matter of American Biomaterials Corp.*, 954 F.2d 919, 927-28 (3d Cir. 1992).  Here, the New Jersey case upon which Appellants' argument hinges engages in a highly fact-bound inquiry to determine whether a duty to report abuse exists, *J.S. v. R.T.H.*, 714 A.2d 924 (N.J. 1998), thereby compounding our reluctance to pass upon an issue raised for the first time in this Court.

7